# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| ERIC SMITH, | ) | |
| | ) | Case No. 1:25-cv-370 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| REGIONS BANK, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Regions Bank's motion to dismiss (Doc. 9).  For the following reasons, the Court will **GRANT** the motion.

## I.  BACKGROUND

According to his complaint, Plaintiff Eric Smith was an "authorized account manager" for Reading Changes Lives Inc.  (Doc. 1-1, at 5.)  On November 12, 2024, Ruth Slay provided Smith with a check for $120,000.00 made payable to Reading Changes Lives Inc., which was intended to support a "literacy garden project" in Chattanooga, Tennessee.  (*Id.*)  Smith deposited the check into a Regions Bank account held in the name of Reading Changes Lives Inc.  (*Id.*)  In December 2024, Slay's family began questioning her donation and "interfering," and Smith subsequently learned that Regions Bank had frozen the Reading Changes Lives Inc. account.  (*Id.*)  According to Smith, despite his efforts to contact Regions Bank, it never provided an explanation for freezing the account.  (*Id.*)  Smith also alleges that he has been informed that the account is being closed and that the funds at issue would be "returned."  (*Id.*)  As of the filing of his complaint, however, Smith alleges that $116,000.00 remains withheld or unaccounted for

and that he has not received anything authorizing Regions Bank's seizure or withholding of the fund in the Reading Changes Lives Inc. bank account. (*Id*.) Finally, Smith generally alleges that, based on Regions Bank's conduct, he has suffered "personal financial harm, emotional distress, reputational damage, and the inability to continue essential community work." (*Id*. at 6.)

Smith initiated this action on October 28, 2025, filing his complaint against Regions Bank in the Circuit Court for Hamilton County, Tennessee. (Doc. 1-1.) Based on the allegations in his complaint, Smith asserts claims against Regions Bank for: (1) conversion; (2) breach of fiduciary duty or negligence; (3) emotional distress and reputational harm; and (4) fraudulent or deceptive practices.[1] (*Id*. at 6–7.) Smith's complaint expressly represents that he is bringing this action "in his personal capacity." (*Id*. at 8.) Regions Bank removed the action to this Court on December 12, 2025 (Doc. 1) and filed a motion to dismiss on December 18, 2025 (Doc. 8). In its motion to dismiss, Regions Bank argues that the Court should dismiss Smith's claims against it because he does not have standing and he has otherwise failed to state a claim upon which relief can be granted. (*See generally* Doc. 9.) Regions Bank's motion to dismiss is ripe for the Court's review.

## II. STANDARD OF LAW

### A. Federal Rule of Civil Procedure 12(b)(1)

A complaint that lacks subject-matter jurisdiction must be dismissed. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). Subject-matter jurisdiction is absent where a plaintiff lacks Article III standing. *Christian Healthcare Centers, Inc. v. Nessel*, 117 F.4th 826, 842 (6th Cir. 2024). To establish

---

[1] It is unclear whether Smith is asserting common law fraud claims or claims for violation of the Tennessee Consumer Protection Act. Regardless, as explained below, Smith lacks standing and has otherwise failed to state a claim upon which relief can be granted.

standing, "a plaintiff must show: (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009) (quoting *Am. Civil Liberties Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004)). "The burden of establishing standing is on the party seeking federal court action." *Rosen v. Tenn. Com'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992)). "[A]llegations of standing . . . must be plausible" at the motion to dismiss stage. *See Barnett v. Kroger Co.*, No. 1:22-CV-544, 2024 WL 2078209, at *6 (S.D. Ohio May 8, 2024).

### B. Federal Rule of Civil Procedure 12(b)(6)

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all

3

well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Standing

Regions Bank first argues that the Court should dismiss Smith's claims against it because he has not suffered an injury in fact and, therefore, does not have standing to pursue his claims. (Doc. 9-1, at 4–5.) "An injury, for standing purposes, means the invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Daunt v. Benson*, 956 F.3d 396, at 417 (6th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560) (internal quotations omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at

4

560).  A "concrete" injury in fact does not have to be tangible, but it must be "'real,' and not 'abstract.'"  *Id.* at 340.

In this case, even accepting Smith's allegation that he is an authorized account manager for Reading Changes Lives Inc. as true, his complaint fails to allege a concrete and particularized injury based on Regions Bank's invasion of a legally protected interest he possesses.  Smith expressly alleges that the claims asserted in his complaint are brought in his "personal capacity" (Doc. 1-1, at 8), but most of the purported injuries identified in his complaint concern the effects of Regions Bank freezing and closing the Reading Changes Lives Inc. bank account.  Indeed, Smith alleges that:  (1) his conversion claim is based on Regions Bank seizing and retaining approximately $116,000 belonging to Reading Changes Lives Inc.; (2) for the breach-of-fiduciary-duty claim, Regions Bank failed to act in good faith and in accordance with commercial standards by closing the Reading Changes Lives Inc. account without good cause; and (3) for his deceptive-practices claim, Regions Bank misrepresented the reason for closing the Reading Changes Lives Inc. account and failed to disclose the disposition of its funds.  (Doc. 1-1, at 5–6.)  Such allegations may allege that Reading Changes Lives Inc. suffered an injury in fact, but they wholly fail to allege that Smith has personally suffered an injury sufficient to confer standing.  And, to the extent he attempts to allege a personal injury in connection with his emotional-distress claim—namely, that he experienced anxiety, humiliation, and psychological and emotional injury—such allegations are wholly conclusory and unsupported by facts plausibly suggesting a concrete and particularized injury.[2]  *See Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (explaining that "[c]onclusory allegations do not satisfy the

---

[2] Even if Smith's emotional-distress allegations were sufficient to confer standing, as explained below, his complaint still fails to allege facts sufficient to state a claim for negligent or intentional infliction of emotional distress.

requirements of Article III").  As a result, the Court will grant Regions Bank's motion to dismiss because Smith lacks standing as it relates to the claims asserted in his complaint.

### B.  Whether Smith's Complaint States a Claim for Relief

Even if Smith had Article III standing, Regions Bank contends that the Court should dismiss his claims because they are barred by Tennessee's version of the Uniform Commercial Code and because he has failed to allege facts that support a plausible claim for relief.  (Doc. 9-1, at 5–15.)

#### i.  The Tennessee Uniform Commercial Code

As the Tennessee Court of Appeals has explained with regard to the Uniform Commercial Code, "Articles 3 [Negotiable Instruments] and 4 [Bank Deposits and Collections] embody a delicately balanced statutory scheme governing the endorsement, negotiation, collection, and payment of checks" and "provide discrete loss-allocation rules uniquely applicable to banks."  *C-Wood Lumber Co. v. Wayne Cty. Bank*, 233 S.W.3d 263, 281-82 (Tenn. Ct. App. 2007).  Although "the scheme is not comprehensive, it is nearly so" and, as a result, "the prevailing view is now that when the UCC provides a comprehensive remedy for the parties to the transaction, common-law and other non-Code claims and remedies should be barred."  *Id*. The Tennessee Court of Appeals further instructs that "courts dealing with 'hard cases' should be hesitant to recognize common-law or non-UCC claims . . . in the mistaken belief that they are dealing with one of the rare transactions not covered by the UCC."  *Id*. (noting that "a large number of courts have refused to recognize common-law or non-UCC claims in general, and specifically common-law or non-UCC negligence or conversion claims, arising from transactions governed by Articles 3 or 4"); *see also Bank of Lincoln Cnty. v. JPMorgan Chase & Co.*, No. 4:24-CV-54, 2024 WL 5046717, at *2 (E.D. Tenn. Dec. 9, 2024).

In this case, Smith's claims against Regions Bank all revolve around the deposit of Slay's check into Reading Changes Lives Inc.'s bank account and Regions Bank's actions taken regarding that check after deposit. Such claims, which involve deposit of a negotiable instrument, appear to be governed by Articles 3 and 4 of the Tennessee Uniform Commercial Code, and, without allegations that suggest his claims fall outside of the Code's near comprehensive scheme, Smith's common-law claims, which actually appear to be Reading Changes Lives Inc.'s claims, are preempted by the remedies afforded in Tennessee's version of the Uniform Commercial Code. *See* Tenn. Code Ann. §§ 47-3-101 *et seq.*, 47-4-101 *et seq.* As a result, Smith's complaint also fails to state a claim upon which relief can be granted.

### ii. *Sufficiency of Allegations*

Regions Bank next argues that, even if Smith had standing and even if his claims were not barred by the Tennessee Uniform Commercial Code, the Court should still dismiss his complaint because his allegations are not sufficient to state any common-law claim. (Doc. 9-1, at 6–15.)

### a. Conversion

"In Tennessee, conversion requires (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Knox Trailers, Inc. v. Maples*, 581 F. Supp. 3d 1000, 1017 (E.D. Tenn. 2022) (citing *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 398 (Tenn. Ct. App. 1997)). Although money is considered intangible property, and Tennessee does not recognize an action for conversion of intangible property, "there is an exception where the money is specific and capable of identification or where there is a determinate sum that the defendant was

entrusted to apply to a certain purpose." *Id*. (citing *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012)).

In this case, Smith has failed to state a claim for conversion because his complaint is clear that he, acting in his personal capacity, does not have any lawful interest in the money deposited into Reading Changes Lives Inc.'s bank account. To the extent a conversion claim potentially exists, it is Reading Changes Lives Inc.'s claim, not Smith's. Accordingly, Smith's complaint fails to state an actionable claim for conversion.

### b. Breach of Fiduciary Duty/Negligence

To state a claim for breach of fiduciary duty or negligence, a plaintiff must allege facts plausibly suggesting that the defendant owes the plaintiff a duty of care. *See Ann Taylor Realtors, Inc. v. Sporup*, No. W2010-00188-COAR3CV, 2010 WL 4939967, at *3 (Tenn. Ct. App. Dec. 3, 2010) (To state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach); *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn. 2008) (a negligence claim requires proof of each of the following elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause").

In this case, Smith has not alleged facts plausibly suggesting that Regions Bank owed him a duty of care. Rather, Smith alleges that Regions Bank inappropriately handled and disposed of funds that were deposited into Reading Changes Lives Inc.'s bank account. As a result, any duty of care owed by Regions Bank is owed to Reading Changes Lives Inc., not

Smith.  Smith, who is acting solely in his personal capacity, therefore, has not stated a claim for breach of fiduciary duty or for negligence.

c.  Infliction of Emotional Distress

The elements of a negligent-inflliction-of-emotional-distress claim "include the elements of a general negligence claim, which are duty, breach of duty, injury or loss, causation in fact, and proximate causation."  *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 705 (Tenn. Ct. App. 2012) (quoting *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012)).  The Tennessee Supreme Court has consistently held that, in addition to the general elements of negligence, the plaintiff must also prove the conduct "caused a serious or severe emotional injury," *Id.* at 705 (citation omitted), by showing "that the conduct giving rise to his claim was so extreme and outrageous that it would have caused a reasonable person to suffer serious or severe emotional injury."  *Lemon v. Williamson Cty. Schs.*, 618 S.W.3d 1, 22 n.15 (Tenn. 2021) (citation and internal quotations omitted).

In this case, Smith has not stated a claim for negligent infliction of emotional distress.  First, as explained above, the complaint does not include allegations plausibly suggesting that Regions bank owed him a duty of care.  Moreover, even crediting his allegations that he suffered an emotional injury, Smith's complaint does not include allegations plausibly suggesting that Regions Bank's conduct was so extreme and outrageous that it would have caused a reasonable person to suffer serious or severe emotional injury.  Smith's complaint details a potential dispute between a corporate entity and a bank regarding treatment of funds deposited into the corporate entity's bank account.  Such allegations do not rise to the level of extreme and outrageous conduct necessary to state a claim for negligent infliction of emotional distress, especially considering that Smith is asserting such a claim in his personal capacity.

9

<u>d.</u>    <u>Fraudulent or Deceptive Practices</u>

Although not entirely clear, Smith's claim labeled "fraudulent or deceptive practices" appears to be claim for violation of the TCPA.  (*See* Doc. 1-1, at 6–7.)  The TCPA provides a private right of action for any person who suffers a financial loss because of another's "unfair or deceptive act or practice" as defined by the statute.  Tenn. Code Ann. § 47–18–109(a)(1).  To state a claim for violation of the TCPA, a plaintiff must adequately allege that:  (1) a defendant engaged in an unfair or deceptive practice; and (2) "[the] plaintiff suffered a loss of money, property, or a thing of value as a result."  *Rhodes v. Bombardier Cap. Inc.*, No. 3:09–CV–562, 2010 WL 3861074, at *2 (E.D. Tenn. Sept. 24, 2010) (citing Tenn. Code Ann. § 47–18–109).

In this case, Smith fails to state a claim for violation of the TCPA because he has not alleged that he, acting in his personal capacity, suffered a loss of money as a result of Regions Bank's unfair or deceptive practices.  To the contrary, Smith appears to allege that Reading Changes Lives Inc. lost money because of Regions Bank's handling of funds deposited into its corporate bank account.  Such allegations are insufficient for Smith to state a claim in his personal capacity for violation of the TCPA.[3]

---

[3] Even if Smith were attempting to assert a common-law fraud claim, his complaint still lacks allegations sufficient to state a claim.  Federal Rule of Civil Procedure 9(b) applies in cases in which a plaintiff alleges fraud and requires that "a party [] state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).  "To plead fraud with particularity, the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (internal quotations and citation omitted).  Smith's complaint also fails to state a claim for fraud because he has not alleged the time, place, and content of any alleged misrepresentations.

## IV.  CONCLUSION

For the reasons stated herein, Regions Bank's motion to dismiss (Doc. 9) is **GRANTED**,[4]

and Smith's claims against it will be **DISMISSED WITH PREJUDICE**.[5]

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[4] This order only applies only to Smith's claims against Regions Bank.  Nothing in this order should be construed as foreclosing Reading Changes Lives Inc. from asserting claims against Regions Bank.  The Court notes, however, that, because Reading Changes Lives Inc. appears to be a corporate entity, it cannot proceed without an attorney. *See Wimberly v. Embridge*, 93 F. App'x 22, 23 (6th Cir. 2004) (explaining that "[a] corporation . . . must be represented in court by an attorney and may not be represented by an officer").  Accordingly, Smith is hereby on notice that he is not permitted to file a pro se complaint on behalf of Reading Changes Lives Inc.

[5] In responding to Regions Bank's motion to dismiss, Smith provided a one-page proposed amended complaint, asserting that, under Federal Rule of Civil Procedure 15, leave to amend should be freely given by the Court.  Smith's proposed amended complaint, however, fails to cure the deficiencies in his original complaint. The proposed amended complaint provides minimal additional factual allegations—none of which change the Court's analysis—and attempts to add a claim for intentional infliction of emotional distress.  To state a claim for intentional infliction of emotional distress, the plaintiff must allege "the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff.'" *Brady v. WestRock Servs., Inc.*, No. 1:17-CV-84, 2017 WL 11607030, at *3 (E.D. Tenn. Dec. 28, 2017) (quoting *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012)).  Additionally, the conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Doe v. Andrews*, 275 F. Supp. 3d 880, 888 (M.D. Tenn. 2017) (quoting *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004)).  For the same reasons explained above, even if the Court were to consider the additional allegations in Smith's proposed amended complaint, he has still failed to provide allegations that plausibly suggest Regions Bank owed him a duty of care or that its actions were so outrageous as to be utterly intolerable in a civilized community.  As a result, Smith has also failed to state claim for intentional infliction of emotional distress.